# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| CHARLES JONES, )<br>)<br>Petitioner, )<br>v. )<br>) <br>LINDA SANDERS,[1] Warden, )<br>UNITED STATES MEDICAL CENTER )<br>FOR FEDERAL PRISONERS, )<br>)<br>Respondent. ) | Civil Action<br>No. 12-3211-CV-S-RED-H |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, has petitioned this Court for a writ of habeas corpus in which he challenges conditions of his confinement. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner has failed to exhaust administrative remedies, it will be recommended that he be denied leave to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner asserts that he is being illegally forced to take medication because of a fraudulent claim made by the doctors that it was an emergency; judges are biased, partial, prejudiced and racial; and the Speedy Trial Act has been violated because his commitment under 18 U.S.C. § 4241(d) exceeded four months.

After a Show Cause Order, a response was filed in which respondent stated that petitioner has failed to exhaust administrative remedies. Counsel for petitioner thereafter filed a traverse in which she asserted that petitioner, as a civil detainee, is not required to exhaust administrative

---

[1] Linda Sanders, the current warden at the Medical Center, is the proper respondent.

remedies.

A full review of the record indicates that petitioner was committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246 on November 10, 2008, by the United States District Court for the Western District of Missouri. United States v. Jones, 08-3208-CV-S-RED. The United States has submitted annual reports, as required by statute. According to the most recent report, petitioner continues to suffer from paranoid schizophrenia.

Respondent states that petitioner has failed to exhaust administrative remedies. Willis v. Ciccone, 506 F.2d 1011, 1015 (8th Cir. 1974). It is further asserted that issues regarding an inmate's medical care and treatment, including the administration of medication, are not excluded issues under 28 C.F.R. § 542.10( c). According to the attorney advisor at the Medical Center, petitioner has failed to exhaust administrative remedies on any of the issues raised in the instant petition.

After careful review, the Court finds that because petitioner has failed to exhaust available administrative remedies, it must be recommended that the petition herein for a writ of habeas corpus be dismissed without prejudice. Willis, 506 F.2d at 1015; Franklin v. Castillo, 10-03188-CV-ODS (W.D. MO, Apr. 11, 2012), aff'd, 12-1923 (8th Cir. Sept. 12, 2012).

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition herein for a writ of habeas corpus be dismissed without prejudice.

/s/ James C. England
JAMES C. ENGLAND
United States Magistrate Judge

Date: 10/23/12